FILED

10 OCT 29 PM 1: 57

CLERK. U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

Carroll M. Lawson SBN 048170
Law Offices of Carroll Lawson
1801 Orange Tree Lane, Suite 240
Redlands, California 92374
T: 909-307-2645
F:909-307-8035

Attorney for Plaintiffs

# THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

**CV 10 - 08189 VBF**    Ex

| | |
|---|---|
| Henry Michelle, Elisha, James, and Monique Moreno; and Timothy, Kelli, Elizabeth, and Gabriel Byrd<br><br>Plaintiff,<br><br>vs.<br><br>City of Colton Police Department; Detective Heusterberg; and Does 1-10 Inclusive<br><br>Defendant | Case No.:<br><br>CIVIL RIGHTS COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, AND DAMAGES PURSUANT TO U.S. Const. Amend. I and XIV; 42 U.S.C. § 1983; and Cal. Const. art. I, § 4 and § 7 |

Plaintiffs allege:

### General Allegations

1. At all relevant times, Plaintiffs have been, and are now, residents of 1521 Latham Street, Colton, San Bernardino County, California. They are members of His Way Spirit Led Assemblies and they believe in the doctrines of that religion and desire to freely exercise their faith in that religion or as the case may be.

2. At all relevant times, Defendant, City of Colton Police Department has been, and is now, a governmental entity. The actions described below on the part of Defendant and the other Defendants constitute "state action" as that term is been defined by relevant case law.

3. At all relevant times, Defendant, Detective Heusterberg has been, and is now, an agent of defendant County of San Bernardino vested with authority to control, manage, and administer services within and about the City of Colton, which is a city located within the County of San Bernardino.

)                                           )

4. The acts that are the subject of this complaint all occurred within Colton, County of San Bernardino, California.

5. Plaintiff is not presently aware of the true names, identities or capacities of the Defendants DOES 1 through 10, inclusive. Plaintiff therefore sues those Defendants under their fictitious names. Plaintiff will amend this complaint on learning the true names, identities, or capacities of these Defendants.

6. At all relevant times, each of the Defendants has been, and is now, the agent or employee of the remaining Defendants, and each was acting within the course and scope of such agency or employment.

7. Defendants have a grievance process which Plaintiffs have exhausted with the filing and subsequent denial of their claims through the County of San Bernardino Claims process.

8. This action arises under the United States Constitution, Amendment I; United State Constitution, Amendment XIV; Federal statute 42 U.S.C. § 1983; and the court's supplemental jurisdiction, 28 U.S.C. §1367, as it relates to Cal. Const. art. I, § 4 and § 7.

FIRST CAUSE OF ACTION
(Violation of Federal "Due Process Clause")

9. The allegations set forth above in paragraphs 1 through 9 inclusive, are incorporated into this cause of action by reference as if set forth in full.

10. On Wednesday January 20, 2010, On Wednesday January 20th, police officers raided the homes of Plaintiffs residing at 1521 Latham Street in Colton California pursuant to a search warrant.

11. City of Colton Police Department, Detective Heusterberg, and accompanying police officers, proceeded to seize Plaintiffs personal property, inclusive of religious objects, under a warrant that allowed the seizure of items relating to an investigation into child welfare and safety. Defendants seized items that had no bearing on their investigation into child welfare and safety.

12. Thereafter, Defendants failed to accurately account for all items seized in their inventory lists. Plaintiffs then lodged formal claims with San Bernardino County for the return of their wrongfully seized and now wrongfully withheld property. There still remain outstanding items of property that have not been returned.

13. Plaintiff has been forced to seek return of their property through litigation, as Defendant has failed to rectify the situation through administrative means.

14. Plaintiff has no plain, speedy or adequate remedy at law, and for that reason, seeks positive injunctive relief.

15. By seizing Plaintiffs' property outside of the scope of their investigation and the parameters of their search warrant, without adequately accounting for items seized, and the continued refusal to return items, Defendants deprived and continue to deprive Plaintiffs of their property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

16. WHEREFORE, Plaintiffs pray for relief as set forth below.

### SECOND CAUSE OF ACTION
### (Violation of California Due Process Clause)

17. The allegations set forth above in 1 paragraphs through 16 inclusive, are incorporated into this cause of action by reference as if set forth in full.

18. By seizing Plaintiffs' property outside of the scope of their investigation and the parameters of their search warrant, without adequately accounting for items seized, and the continued refusal to return items, Defendants deprived and continue to deprive Plaintiffs of their property without due process of law in violation of Cal. Const. art. I, § 7(a).

19. WHEREFORE, Plaintiffs pray for relief as set forth below.

### THIRD CAUSE OF ACTION
### (Violation of Federal "Free Exercise Clause")

20. The allegations set forth above in 1 paragraphs through 19 inclusive, are incorporated into this cause of action by reference as if set forth in full.

21. On the night in question, City of Colton Police Officers, led by Detective Heusterberg, seized Plaintiffs' religious iconography and aided in the seizure of Plaintiffs' children under the assumption that Plaintiffs were providing only spiritual care to their children in lieu of medical treatment.

22. This assumption was proven false on the night of the seizure as City of Colton Police Officers and Detective Heusterberg seized documents relating to the medical treatment of the children and subsequently these documents were seized as evidence.

23. At all times, Plaintiffs were acting in a manner that complies with California Statutes relating to child welfare and safety. To Plaintiffs' knowledge, their conduct was within their religious rights and their substantive due process rights to raise their children as they see fit.

24. Defendants' actions as described above interfered with Plaintiffs' free exercise of religion in violation of the First Amendment to the United State Constitution, in that Defendants raided the homes of Plaintiffs and seized personal property of religious import and thereby impeded the free exercise of their religion. The seizure of religious symbols was not then admissible evidence nor likely to lead to admissible evidence. At the time of seizure, Defendants were not permitted under their warrant to seize religious symbols or iconography as these items had no bearing on their investigation.

25. Defendants' actions as described above interfered with plaintiffs' free exercise of religion in violation of the First Amendment to the United States Constitution, in that Defendants raided the homes of the Moreno and Byrd Families and aided in the seizure of their children without legal or factual justification. The government agents erroneously acted on the assumption that the children were not being provided medical treatment. They were in fact being provided with medical treatment. Even though that erroneous factual allegation was specifically disproven with physical evidence, the government agents proceeded to seize the children based on the unlawful and unconstitutional premise that spiritual treatment and the religious beliefs of these families provided them with sufficient justification.

26. Even though Plaintiffs repeatedly informed Defendants that the children were provided medical treatment, the children continued to be withheld. Plaintiffs were continually derided and were told by Defendants that denouncing their sincerely held beliefs would prevent their children and their religious symbols from being seized, or continuously withheld.

27. Plaintiffs were subjected to the on-going ridicule of Defendants and Defendants employees who openly mocked Plaintiffs when they expressed their sincerely held beliefs.

28. If Defendants are not restrained and enjoined from their course of conduct, the interference will continue indefinitely.

29. WHEREFORE, Plaintiffs pray for relief as set forth below.

FOURTH CAUSE OF ACTION
(Violation of Cal. Const. art. I, § 4)

30. The allegations set forth in paragraphs 1 through 29 inclusive are incorporated into this cause of action by reference as if set forth in full.

31. Defendants' actions as described above interfered with Plaintiffs' free exercise of religion in violation of Cal. Const. art. I, § 4, in that Defendants violated California's no

COMPLAINT - 4

preference clause when they seized the children without justification and religious objects, and then after proceeded to tell Plaintiffs that if they renounced their beliefs they could prevent seizure of their children and religious objects.

32. If Defendants are not restrained and enjoined from their course of conduct, the interference will continue indefinitely.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## FIFTH CAUSE OF ACTION
(Violation of Federally Protected Rights under 42 U.S.C. § 1983)

33. The allegations set forth in paragraphs 1 through 32 inclusive, are incorporated into this cause of action by reference as if set forth in full.

34. Defendants, while acting under the color of state law, deprived Plaintiffs of their right to freely exercise their religion, a right protected by Federal law, in that Defendants seized the children on the false assumption that no medical treatment was being provided, which violates the religious rights of Plaintiffs to exercise their right to provide their children with spiritual treatment and their substantive due process rights to rear their children as they see fit. Defendants violated the rights of Plaintiffs to exercise their religion, a right protected by Federal law, in that Defendants told Plaintiffs that renouncing their spiritual beliefs would allow their children to be returned.

35. When Defendants seized Plaintiffs' personal property, inclusive of items of religious import, they acted under color of state law and deprived plaintiffs of their due process rights as secured by the U.S. Const. Amend. XIV.

36. As a direct and proximate result of defendants' actions, plaintiffs suffered serious injury, including but not limited to extreme embarrassment, humiliation, anxiety, ridicule, emotional distress, accompanied by various physical symptoms, including but not limited to sleeplessness, nervousness, and extreme anxiety; defendants' action also caused the deprivation of use of plaintiff's religious objects which are integral to the free exercise of their religion. The full extent of plaintiffs' injuries is not known at this time, but plaintiffs' are informed and believes that the amount of these damages exceeds the jurisdictional minimum established for this court. Plaintiffs will amend this complaint to set forth the full nature and extent of their damages once they have been ascertained with particularity.

WHEREFORE, Plaintiffs prays for relief as set forth below.

## SIXTH CAUSE OF ACTION
(Declaratory and Injunctive Relief
For Violation of Plaintiffs Due Process Rights)

37. The allegations set forth above in 1 paragraphs through 36 inclusive, are incorporated into this cause of action by reference as if set forth in full.

38. An actual controversy now exists between plaintiff and defendants as to whether defendants' seizure policies, which provide for the seizure of personal property unrelated to their investigation, particular the seizure of religious items, without the owners having a right to contest the seizure in a hearing of any sort and without the owners being provided an adequate administrative remedy, violate Due Process of law as guaranteed by the United States and California Constitutions.

39. Unless the court issues an appropriate declaration of rights, the parties will not know whether defendants' seizure policy complies with the due process clauses of the United States and California Constitutions, and there will continue to be disputes and controversy surrounding the defendants' policy. In addition, thousands of persons subject to a search warrant, or thousands of churches and their members, in California may potentially be illegally deprived of their property for an extended period of time based on false claims, with no opportunity for a reasonably prompt hearing at which they can prove that the seizure is improper or as the case may be.

40. Defendants have a mandatory duty not to infringe upon plaintiffs' due process rights.

41. Unless compelled to refrain from interfering with plaintiffs' due process rights, defendants will continue to do so.

42. Plaintiffs have no plain, speedy, or adequate remedy at law to correct defendants' conduct.

43. Plaintiffs have suffered damages as a proximate result of defendants' conduct towards him.

44. Plaintiffs presently do not know the full nature and extent of their damages, but will amend this complaint to state them once they have been ascertained with particularity

## FOURTH CAUSE OF ACTION
(Declaratory and Injunctive Relief
For Violation of Plaintiffs Free Exercise Rights)

45. The allegations set forth above in paragraphs 1 through 44 inclusive, are incorporated into this cause of action by reference as if set forth in full.

)                                    )

46. An actual controversy now exists between the parties, in that Plaintiffs contend that Defendants' actions violate their right to freely exercise Plaintiffs' religion, which is protected by the U.S. Const. Amend. I and by Cal. Const. art. I, § 4.

47. The violation of Plaintiffs First Amendment Rights constitutes irreparable injury the threat of which is ongoing and immediate.

48. Defendants have instituted a course of conduct and policy that violates California Welfare and Institutions Code's §300, which requires deference to parents' religious practices. This violation is on-going and poses an immediate threat to Plaintiffs.

49. Without Declaratory and Injunctive Relief Plaintiffs are without adequate legal remedy as Defendants conduct is in violation of existing state, federal, and constitutional law.

WHEREFORE, Plaintiffs pray for relief as follows:

1. Immediate issuance of a temporary restraining order, followed by a preliminary injunction, and ultimately by a permanent injunction requiring defendants to [specify injunctive relief requested, such as:

   a. Return the subject personal property to Plaintiffs;

   b. Refund the charges and the costs Plaintiffs were required to pay in order to continue to conduct church business without the necessary items; and

   c. Preventing Defendants from enforcing their present seizure policy unless and until Defendants provide or comply with existing pre-seizure notice and hearing procedures such as comport with the requirements of the due process clauses of the United States and California Constitutions.

2. A declaration of rights stating that Defendants' seizure procedures as described in this complaint violate the due process clauses of the United States and California Constitutions.

3. For a declaration of rights, declaring that Defendants' regulations justifying their seizure or aiding in the seizure of children on the basis that spiritual treatment is abuse violates the free exercise clause of the First Amendment to the United States Constitution and Cal. Const. art. I, § 4.

4. For an injunction barring Defendants from continued violation of California Welfare and Institutions Code Section 300.

5.  An award of damages under the due process clauses and 42 U.S.C.A. § 1983 fully compensating plaintiff for the damages suffered as a direct and proximate result of Defendants' unjustified summary seizure of Plaintiffs property.

6.  An award of costs, including attorney's fees pursuant to Code Civ. Proc. § 1021.5, and 42 U.S.C.A. § 1988.

7.  Such other and further relief as the court finds proper.

Dated this  /0 - /8 -/0

CARROLL M. LAWSON

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV10- 8189 VBF (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Law Offices of Carroll M. Lawson
1801 Orange Tree Lane, Suite 240
Redlands, CA 92374
T: 909-307-2645 F: 909-307-8035
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Henry, Michelle, Elisha, James, and Monique Moreno; and Timothy, Kelli, Elizabeth, and Gabriel Byrd | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV 10 - 08189 VBF Ex |
| v. | |
| City of Colton Police Department; Detective Heusterberg; and Does 1-10 Inclusive | SUMMONS |
| DEFENDANT(S). | |

TO:    DEFENDANT(S): City of Colton Police Department; Detective Heusterberg; and DOES 1-10 Inclusiv

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☐ _____ ⛌ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _____, whose address is _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**TERRY NAFISI**

Clerk, U.S. District Court

Dated:    OCT 29 2010

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)    **SUMMONS**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Henry, Michelle, Elisha, James, and Monique Moreno; and Timothy, Kelli, Elizabeth, and Gabriel Byrd

**DEFENDANTS**
CITY OF COLTON POLICE DEPARTMENT; DETECTIVE HEUSTERBERG; and DOES 1-10 Inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Law Offices of Carroll M. Lawson
1801 Orange Tree Lane, Suite 240
Redlands, CA 92374

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff       ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No      ☒ **MONEY DEMANDED IN COMPLAINT: $** Amount to be Ascertained

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USC 1983; US CONST. AMEND I and XIV

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | | | | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | | |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | | ☐ 610 Agriculture | |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | ☐ 840 Trademark |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | ☒ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: **CV 10 - 08189 VBF**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                    CIVIL COVER SHEET                                    Page 1 of 2



UNITED STAT! )ISTRICT COURT, CENTRAL DISTRICT ( :ALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): EDCV10-01361 VAP (OPx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☑ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  10-18-10

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 2 of 2